**In re CARSWELL, et al.**
**Patent Appeal No. 3289.**

Court of Customs and Patent Appeals.
May 31, 1934.

Joseph R. Mares, of St. Louis, Mo. (Lester H. Kincaid, of Washington, D. C., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office rejecting, for want of patentability in view of the prior art, claims 10, 11, 13, 14, and 15 of appellants' application, filed January 16, 1929. Claims 7, 8, and 12 of said application were allowed.

Of the claims on appeal, claims 10 and 13 are illustrative and read as follows:

"10. A cellulose ester composition containing an aryl sulphonyl derivative of an acetylated amine."

"13. A composition of matter containing, a material having the following structural formula:

$$R \quad N \quad SO_2. \quad Aryl.$$
$$\diagdown$$
$$R'$$

"Where 'R' is an aromatic or aliphatic nucleus, 'R'' is an acetyl radical and 'Aryl' is an aromatic nucleus, and one of the group consisting of: Cellulose esters and cellulose ethers."

The reference relied upon is:
Schmidt, 758,335, April 26, 1904.

The alleged invention is thus described in the examiner's statement, which description was adopted by the board in its decision:

"The invention relates to plasticizers for cellulose esters and ethers and comprises the use of paratoluene sulfonyl acetanilid or paratoluene sulfonyl n-ethyl acetamid for that purpose. These were designated generically as aryl sulfonyl derivatives of acetylated aromatic or aliphatic amines. The same thing is expressed by a type structural formula in Claims 13, 14 and 15."

The examiner rejected the claims on appeal, as well as claim 12, upon the reference cited, stating as follows:

"The rejected claims cover broadly the compound including—N:(CH₃CO)X, X be-

ing any aliphatic or aromatic radicle whatsoever. The facts presented do not support the patentability of such a broad of indefinite concept. It is impossible to imagine all the possible variations. Such variations must necessarily produce marked changes in the physical characteristics of the product, as evidenced by the table on page 2 of Schmidt's patent. Whether such changes would result in an operative product or one patentable over Schmidt's disclosure it is impossible to determine."

The Board of Appeals affirmed the examiner in his rejection of the claims on appeal, but allowed claim 12 on the ground that it was more restricted than claims 10 and 11.

The reference Schmidt is a patent for the use of aryl sulfonyl compositions as substitutes for camphor plasticizers for nitro cellulose.

Appellants insist that they are not attempting to claim an extremely broad range of sulphonyl compounds, such as is covered by the Schmidt patent, but that they are only embracing a relatively limited improvement group which may properly be covered in an improvement patent.

Whether the claims here involved are so broad and indefinite as to preclude their patentability, in view of appellants' disclosure and the reference Schmidt, is a highly technical question involving an expert knowledge of chemistry, and the well-established rule is here especially applicable that concurring decisions of the Patent Office tribunals will be followed by us unless such decisions are manifestly wrong.

Appellants' counsel in his brief has comprehensively stated the reasons which, in his judgment, demonstrate that the Board of Appeals and the examiner were in error in their conclusions; but it is not manifest to us that error was committed by them. It may be true, as appellants' counsel contends, that they could not more narrowly define their invention in claims that would properly protect their invention, but we are not convinced that this is so.

Appellants have been allowed three claims, and, as we do not find that the Board of Appeals was manifestly wrong in rejecting the claims here involved, its decision is affirmed.

HATFIELD, Associate Judge, did not participate.